**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2119**

DAWN V. MARTIN; MIGUEL GALLARDO,

              Plaintiffs – Appellants,

         v.

JOHANNES BRONDUM; LONG AND FOSTER REAL ESTATE, INC.; LONG
AND FOSTER COMPANIES; PATRICIA KNIGHT, a/k/a Patricia
Knight Lambert; SUSAN HAUGHTON,

              Defendants – Appellees,

         and

LONG AND FOSTER REALTY; LONG AND FOSTER REALTORS,

              Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Anthony John Trenga,
District Judge. (1:11-cv-01118-AJT-TCB)

Submitted:  June 26, 2013            Decided:  July 24, 2013

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dawn V. Martin, LAW OFFICE OF DAWN V. MARTIN, Washington, D.C.,
for Appellants.  Susan F. Earman, FRIEDLANDER, FRIEDLANDER &
EARMAN, PC, McLean, Virginia; Mikhael D. Charnoff, PERRY

CHARNOFF PLLC, Arlington, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawn Martin and Miguel Gallardo appeal the district court's orders granting summary judgment on their racial discrimination claim under the Fair Housing Act and dismissing pendent state claims for fraud, defamation, breach of contract, and intentional infliction of emotional distress. Martin and Gallardo allege that their landlord, Johannes Brondum, the property manager for Long and Foster Real Estate, Inc., Patricia Knight, and Brondum's listing agent, Susan Haughton, refused to negotiate with them over the purchase of the townhome that they were renting, and that the Defendants misrepresented whether the townhome was for sale, on the basis of their race and national origin in violation of 42 U.S.C. § 3604(a), (d) (2006). We affirm.

## 1. Fair Housing Act Claim

We review whether a district court erred in granting summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to

3

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Title VIII of the Civil Rights Act of 1968, also known as the Fair Housing Act (FHA), provides that it shall be unlawful: "To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a) (2006). In addition, the FHA prohibits representing "to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C. § 3604(d) (2006).

A plaintiff may establish a violation of the FHA either through direct evidence of discrimination or through the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden-shifting framework. See Pinchback v. Armistead Homes Corp., 907 F.2d 1447, 1451 (4th Cir. 1990) (applying McDonnell-Douglas employment discrimination concepts to fair housing law). "Direct evidence encompasses conduct or statements that both (1) reflect directly the alleged discriminatory attitude, and (2) bear directly on the contested

4

[housing] decision." Laing v. Fed. Express Corp., 703 F.3d 713, 717 (4th Cir. 2013) (quoting Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006)) (internal quotation marks omitted).

Martin and Gallardo allege that certain facially-neutral statements made by the Defendants provide direct evidence of racial animus. Generally, "[f]acially race-neutral statements, without more, do not demonstrate racial animus on the part of the speaker." Twymon v. Wells Fargo & Co., 462 F.3d 925, 934 (8th Cir. 2006). However, "[r]acially charged code words may provide evidence of discriminatory intent by sending a clear message and carrying the distinct tone of racial motivations and implications." Guimaraes v. SuperValu, Inc., 674 F.3d 962, 974 (8th Cir. 2012) (quoting Smith v. Fairview Ridges Hosp., 625 F.3d 1076, 1085 (8th Cir. 2010)) (internal alterations and quotations omitted). See Ash v. Tyson Foods, Inc., 546 U.S. 454, 456 (2006). We conclude that the statements Martin and Gallardo provide are not sufficient to show direct evidence of racial animus.

Because Martin and Gallardo have not shown direct evidence of discrimination, they must proceed under the McDonnell-Douglas burden-shifting framework. Under that framework, the plaintiff bears the initial burden of establishing a prima facie case. See, e.g., Tex. Dep't of Cmty.

5

Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The district court required Martin and Gallardo to show, among other facts, that they had made an offer on the townhome. Because the nature of the discrimination alleged was to misrepresent that the townhome was available for sale, we conclude that Martin and Gallardo were not required to show that they had made an offer to purchase the townhome to establish a prima facie case. In order to establish a prima facie case under the circumstances here, Martin and Gallardo must show that: (1) they belong to a protected class, (2) they sought and were qualified for the dwelling, (3) they were denied the opportunity to buy the dwelling, and (4) the dwelling remained available. Cabrera v. Jakabovitz, 24 F.3d 372, 381 (2d Cir. 1994). See Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004) (announcing a similar prima facie case in the public accommodation setting).

If the Plaintiffs establish a prima facie case, the burden shifts to the Defendants to articulate a legitimate, nondiscriminatory reason for refusing to negotiate with Martin and Gallardo and representing that the townhome was not for sale. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the Defendants produce a legitimate reason for the action, the burden once again shifts to Martin and Gallardo to show that the Defendants' rationale is pretext for discrimination. Id. at 804-05. Martin and Gallardo can prove

pretext by showing that the defendant's "explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of . . . discrimination." Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004) (internal quotation marks omitted).

Assuming without deciding that Martin and Gallardo established a prima facie case under the FHA, we conclude that they did not refute the Defendant's legitimate, non-discriminatory reasons for refusing to deal with them. Therefore, we hold that the district court did not err when it granted summary judgment on the Plaintiffs' FHA claim.

## 2. State Law Claims

We review a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) de novo. Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This Court "accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Philips, 572 F.3d at 180.

7

We affirm the dismissal of Martin and Gallardo's defamation, breach of contract, and intentional infliction of emotional distress claims for the reasons stated by the district court. We affirm the dismissal of Martin and Gallardo's fraud claim because the harm that Plaintiffs' alleged from the Defendants' allegedly fraudulent statements was too speculative to support a plausible claim for relief.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED